UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**DAVID M. GRIPP**                                                                                    **PLAINTIFF**

v.                                                                     **CIVIL ACTION NO. 3:16-CV-22-CRS**

**DAVID J. HALE**                                                                                      **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff David M. Gripp, proceeding *pro se*, has filed a civil complaint against United States District Court Judge David J. Hale. Because Plaintiff is proceeding *in forma pauperis*, the complaint is before the Court for initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the action will be dismissed.

**I. SUMMARY OF COMPLAINT**

In his complaint, Plaintiff states the grounds for filing the instant case are as follows: "Not properly getting Justic in case # 3:15-cv-704 DJH and stonewalling and getting or giving proper hearing's and not adicquitlly. Handling the case and every other judge in the David M. Gripp cases."[1] In the statement of the claim section of his complaint, Plaintiff further states: "Not adiquly make or following propely or ordering me to get paid by the Fed gov and gambling people or comm. or hereing my evidence, also not following proper perceadjures witch is a mistrial in Fed court. So that's my statement." In the section of the complaint titled "Prayers for Relief," Plaintiff writes, "Follow the rules."

**II. LEGAL STANDARD**

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may

---

[1] The Court's records show that *Gripp v. Louisville, KY Gove, et al.*, 3:15-cv-704-DJH, was dismissed on November 13, 2015, for failure to meet the notice-pleading standard and for failure to state a claim upon which relief may be granted.

be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). However, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

### III. ANALYSIS

Generally, a judge is immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Under the doctrine of judicial immunity, judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Id.*; *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980). Judicial immunity from suit applies even when a judge is accused of acting maliciously or corruptly. *Mireles*, 502 U.S. at 11.

Judicial immunity from suit can be overcome in two situations, neither of which is applicable to Plaintiff's complaint. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity is applicable here because the alleged acts of Judge Hale were taken in the course of his judicial capacity and were not committed in the complete absence of all jurisdiction.

Moreover, injunctive relief is also not available under 42 U.S.C. § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, any claim for injunctive relief is also barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

As such, Judge Hale is immune from suit, and Plaintiff has failed to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's action will be dismissed by separate Order pursuant to 28 U.S.C § 1915(e)(2) for failure to state a claim upon which relief may be granted.

Date: April 5, 2016

                                                                    Charles R. Simpson III, Senior Judge
                                                                     United States District Court

cc:    Plaintiff, *pro se*
       Defendant
4411.011